COURT OF CHANCERY
OF THE
STATE OF DELAWARE

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: March 3, 2015
Date Decided: May 29, 2015

Donald J. Wolfe, Jr., Esquire
Matthew E. Fischer, Esquire
Timothy R. Dudderar, Esquire
Aaron R. Sims, Esquire
Potter Anderson & Corroon LLP
1313 N. Market St.
Hercules Plaza, 6th Floor
Wilmington, DE 19801

S. Mark Hurd, Esquire
D. McKinley Measley, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19899

Re: *In re Knowledge Crossing LLC*, Civil Action No. 10383-VCG

Dear Counsel:

The Petitioner has initiated this action to dissolve Knowledge Crossing LLC ("KX"), arguing that the entity is dysfunctional and that its board is deadlocked as to certain matters, including dissolution. The matter is before me on the Respondents' Motion to Dismiss or Stay (the "Motion to Dismiss"). That Motion seeks dismissal in favor of a first-filed arbitration before a JAMS arbitrator, Judge McCoy, in California. The Respondents rely on the *McWane* first-filed doctrine, under which, our Supreme Court has instructed, Delaware courts' discretion to dismiss or stay should be exercised freely when there is a prior action pending elsewhere, in a court capable of doing prompt and complete justice, involving the

same parties and the same issues.[1]  The Supreme Court has recently affirmed that "arbitration constitutes a first-filed action for purposes of the *McWane* doctrine."[2]

The Petitioner contends that *McWane* does not apply because the "same issues" are not involved; it argues that the arbitrator in California does not have jurisdiction over the issue of dissolution, and that there is no risk of inconsistent judgments since the sole issue before me (dissolution) is therefore not at issue in the arbitration.  The Respondents contend that the arbitrator's decision will bear on the entity's assets, as well as the validity of the entity's operating agreement, and that there is substantial overlap in the issues in the arbitration and here.  Because of this overlap, the Respondents warn, inconsistent judgments are possible.

Evaluation of these competing arguments is difficult, because currently pending before the arbitrator is the very issue on which the parties here are at odds: what is the proper scope of the arbitration?  Resolution of this issue, while not necessarily determinative, would be helpful to my decision whether to stay or dismiss this request for dissolution.  In the interest of efficiency and judicial economy, I find it most appropriate to temporarily stay my consideration of the Motion to Dismiss or Stay, pending a decision by the arbitrator as to the scope of

---

[1] *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng'g Co.*, 263 A.2d 281, 283 (Del. 1970).

[2] *LG Electronics, Inc. v. InterDigital Commc'ns, Inc.*, 98 A.3d 135, 138 (Del. Ch. 2014) *aff'd*, 2015 WL 2124381 (Del. Apr. 14, 2015).

the matters before him.[3] The arbitrator's decision may make clear a conflict between that action and this, it may make clear that there is no such conflict, or it may narrow the parties' disputes in such a way that they are able to agree to a schedule for a dissolution proceeding here. The parties agree that a short-term delay in these proceedings poses no threat to KX.

Accordingly, I am staying my consideration of the Respondents' Motion to Dismiss, and will await the findings by the arbitrator as to his jurisdiction and the scope of proceedings before him before addressing that motion. The parties should provide the Court with status updates every 30 days, and otherwise advise me promptly of any decision by the arbitrator. This stay is without prejudice to any party to seek a lift of the stay, as appropriate.

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

/s/ Sam Glasscock III

Sam Glasscock III

---

[3] At oral argument, the Respondents represented that the arbitrator was expected to hear the issue of jurisdiction promptly. In staying my consideration of the Motion to Dismiss, it is my understanding that the arbitrator's decision is expected in the near term. *See* Oral Arg. Tr. 17:16–23; 32:22–33:2.